IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2022

## JOSEPH THOMAS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 05-02001, 04-05115    Chris Craft, Judge**

_____

### No. W2021-00851-CCA-R3-ECN

_____

The Petitioner, Joseph Thomas, appeals the dismissal of his petition for writ of error coram nobis, arguing that the coram nobis court erred in concluding that he was not entitled to error coram nobis relief from his *Alford*[1] guilty pleas.  Based on our review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Michael E. Scholl, Memphis, Tennessee, for the appellant, Joseph Thomas.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In 2004, the Shelby County Grand Jury returned an indictment in Case Number 01-05115 that charged the Petitioner with aggravated rape, two counts of aggravated kidnapping under alternate theories, and criminal impersonation based on the Petitioner's April 21, 2004 actions in impersonating a police officer and handcuffing and raping a woman he encountered on a Memphis street.  In 2005, the Shelby County Grand Jury

_____

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

returned an indictment in Case Number 05-02001 that charged the Petitioner with aggravated kidnapping, aggravated rape, and resisting official detention based on the Petitioner's August 1, 2004 arrest, for similar actions in approaching another woman on a Memphis street, telling her that she was under arrest for prostitution, handcuffing her, raping her, and resisting the efforts to detain him by the real police officer who came to the woman's aid.

On July 25, 2006, the Petitioner resolved both cases by entering *Alford* best interest pleas to kidnapping, criminal impersonation and attempted rape in Case Number 04-05115 and to resisting official detention, kidnapping and attempted rape in Case Number 05-02001, with sentencing left to the trial court's later determination. At the conclusion of the August 31, 2006 sentencing hearing, the trial court sentenced the Petitioner to a total effective term of six years in the local workhouse.

On July 14, 2015, the Petitioner filed a petition for writ of error coram nobis, alleging that he had newly discovered evidence of actual innocence. In support, he attached an affidavit from each victim in which each recanted her accusations against the Petitioner. The victim of the August 1, 2004 attack stated in her affidavit that she agreed to have sexual intercourse with the Petitioner but disagreed with him over her fee and filed false accusations against him in order to receive a victim's compensation check. The victim of the April 21, 2004 attack stated in her affidavit that the Petitioner came to her aid as she was being raped by someone else but because she was under the influence of drugs at the time, she mistakenly identified the Petitioner as her attacker.

On August 23, 2016, the State filed a motion to dismiss, citing *Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016), for the proposition that individuals who have pled guilty are not entitled to relief under a writ of error coram nobis. On May 27, 2021, the coram nobis court held a hearing at which it heard arguments from counsel regarding whether *Frazier* is applicable to *Alford* pleas. On July 2, 2021, the coram nobis court summarily dismissed the petition on the basis that the legislature did not provide for coram nobis relief for a judgment based on "guilty pleas, whether 'best interest' or not[.]" This appeal followed.

## ANALYSIS

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. *State v. Mixon*, 983 S.W.2d 661, 666 (Tenn. 1999). The writ of error coram nobis is codified in Tennessee Code Annotated section 40-26-105, which provides in pertinent part:

> The relief obtainable by this proceeding shall be confined to errors dehors
> the record and to matters that were not or could not have been litigated on

- 2 -

the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on write of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Tenn. Code Ann. § 40-26-105 (b).

Generally, a decision whether to grant a writ of error coram nobis rests within the sound discretion of the trial court. *See State v. Hart*, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995).

In *Frazier*, our supreme court held "that the coram nobis statute is not available as a procedural mechanism for collaterally attacking a guilty plea." *Frazier*, 495 S.W.3d at 253. In a footnote, the court recognized that a criminal defendant who enters an *Alford* plea, in which he or she pleads guilty but maintains his or her innocence, "may have a stronger public policy argument than other criminal defendants for the right to seek error coram nobis relief," but also that "the issue remains one of a policy judgment which is within the province of the legislature, not this Court." *Id.* at 250, n. 1.

Following *Frazier*, different panels of this court have applied the reasoning of the *Frazier* Court to conclude that a writ of error coram nobis is not available to a petitioner who has entered an *Alford* plea. *See Gary Allen McKennie v. State*, No. W2017-01561-CCA-R3-ECN, 2018 WL 4693116, at *2 (Tenn. Crim. App. Sept. 28, 2018), *no perm. app. filed*; *Isaiah Higgs v. State*, No. W2107-00708-CCA-R3-ECN, 2018 WL 2025269, at *3 (Tenn. Crim. App. Apr. 30, 2018), *no perm. app. filed*; *Ronald Christopher Hayes v. State*, No. M2016-01094-CCA-R3-ECN, 2017 WL 4315375, at *3 (Tenn. Crim. App. Mar. 14, 2017), *no perm. app. filed*.

We, likewise, conclude that that a petitioner who has entered an *Alford* plea is not entitled to error coram nobis relief. Accordingly, we affirm the summary dismissal of the petition.

## CONCLUSION

Based on our review, we affirm the judgment of the coram nobis court.

_____
JOHN W. CAMPBELL, SR., JUDGE